*397 OPINION.
Phillips :
The sole question presented for determination is whether the taxpayer is entitled to exemption from the corporate income and profits tax as a personal service corporation. Section 200 of the Eevenue Act of 1918 defines such a corporation to be one—
* * * whose income is to be' ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is no.t a material income-producing factor; but does not include * * * any corporation 50 per centum or more of whose gross income consists * * * of gains, profits or income derived from trading as a principal * * *.
The principal function of the taxpayer was to render an advertising and sales service to its clients. As a part of this service it studied *398 the advertising needs of its clients, prepared the advertising matter, gave advice to its clients with respect to the magazines or newspapers to be used, and placed orders for advertising space. The record disclosed that in each order for space the name of the client was given and that the rate to be paid per line often depended upon the total amount of space used by the advertiser within any year. The space so reserved belonged to the advertiser and not to the agent. If the agency terminated, such space could not be used by the agent, but was available for use by the advertiser, whether or not he secured another agent. Whether or not the taxpayer pledged its credit for the payment of bills for advertising placed through it (upon which question vfe express no opinion), it seems clear that it did not purchase and sell advertising space on its own behalf, and that it does not fall within that portion of the definition which excludes corporations 50 per centum or more of whose gross income is derived from trading as a principal.
There is no question that the principal stockholders were regularly engaged in the active conduct of the business. We must consider, then, whether the income is to be ascribed primarily to their activities and whether capital, invested or borrowed, was a material income-producing factor.
An examination of the balance sheets will show that for 1919 capital, as compared with the business done, was very small. An examination of income and expense will show that the earnings of the taxpayer distributable to the stockholders were approximately $58,000 for 1919, of which some $3,000 is interest and discount attributable directly to the use of capital, and $81,000 for 1920, of which some $5,500 is interest and discount. During these same years the corporation paid to some fifteen, twenty or more employees, who were not stockholders, $39,500 and $60,000, respectively, amounts almost as great as those distributable to the stockholders. We know nothing of the services performed by these employees, except that one was art director and two others did lettering upon the advertisements. In our opinion it can not be said that in such circumstances the income is to be attributed primarily to the activities of the stockholders. They secured the clients — it was to their experience and guidance that clients looked, but the performance of the duties undertaken, from the time of the first step to the checking and preparation of a statement of the proper charges for advertising, required the services of an organization which outnumbered the stockholders by six or seven'to one. We do not mean to hold that personal service classification must be denied in all cases where there are employees under the supervision of stockholders, but where, as here, employees so greatly outnumber the stockholders and there is no evidence of the character of the service *399 performed by most of them and they receive substantially one half of the earnings over the expenses other than salary, we can not find that the income is to be ascribed primarily to the activities of the stockholders. In our opinion this clause means more than that the stockholders shall obtain the clients and supervise the work, or that clients shall look to their experience; it means, among other things, that the corporation may not rely upon non-stockholders to do a substantial amount of the work which produces the income whether such work be detailed or supervisory. Just as another clause excludes from personal service classification those corporations where capital contributes materially to the income, so does this clause exclude corporations where the services of employees so contribute.
There is an additional factor to be considered in 1920. In that year taxpayer used its capital and its surplus and borrowed money to enable a client to continue its advertising campaign. How far this use of capital contributed to income we are unable to determine, but there is no doubt that the commissions received from this advertising were substantial. In consideration of all the circumstances, personal service classification must be denied.

Decision will be entered for the Commissioner.